UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CHRISTOPHER O'ROURKE,                      :
                                                                         :
                       Plaintiff,          :         REPORT &
                                                                         :         RECOMMENDATION
                                                                         :         19-CV-3942 (NGG) (SMG)
       -against-                                      :
                                                                         :
                                                                         :
DRUNKEN CHICKEN IN NY CORP. and SOHO NEW :
YORK LODGING, LLC.,                           :
                                                                         :
                     Defendants.        :
------------------------------------------------------------------- x

GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

On July 9, 2019, plaintiff Christopher O'Rourke commenced this action against defendants Drunken Chicken in NY Corp. ("Drunken Chicken") and Soho New York Lodging, LLC ("Soho Lodging"), alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107.  Compl., Dkt. 1.  Plaintiff seeks declaratory and injunctive relief and an award of compensatory damages, as well as attorney's fees and costs.

Upon plaintiff's application and in light of defendants' failure to appear in or otherwise defend this action, the Clerk of the Court noted defendants' default.  Certificate of Default dated Sept. 30, 2019, Dkt. 10.  Plaintiff then moved for default judgment against defendants.  Mot. for Default J., Dkt. 11.  The Honorable Nicholas G. Garaufis referred plaintiff's motion to me for a report and recommendation.  Order dated Oct. 8, 2019.

## BACKGROUND

Plaintiff suffers from numerous ailments, including "spinal stenosis" and "neuropathy affecting both legs with resultant muscular atrophy," and has undergone several medical procedures, including a "bilateral hip replacement, total knee replacement, spinal fusion," and the implantation of a "steel rod in his right tibia and fibula." Compl. ¶ 5. As a result of these medical conditions and procedures, plaintiff "is severely limited in his ability to walk or traverse stairs" and "must use a motorized wheelchair to travel more than a short distance." *Id.* In addition, plaintiff has "serious limitations in his arms and shoulders as a result of a shoulder replacement and other surgeries." *Id.*

Prior to commencing this action, plaintiff attempted to visit a restaurant owned and/or operated by Drunken Chicken, located at 25-30 Broadway, Astoria, N.Y. 11106. *Id.* ¶¶ 6, 9. Soho Lodging is the owner of the property where the restaurant is located. *Id.* ¶ 7. Plaintiff alleges that he was denied access to the restaurant due to architectural barriers that exist at the subject property. *Id.* ¶ 9. Specifically, plaintiff alleges that the property is not "properly ramped," "lacks at least one accessible route" to the public streets and sidewalks, and lacks adequate "handicap accessible seating in both quantity and quality." *Id.* ¶ 21. Plaintiff further alleges that he desires to return to the premises in the future; however, the architectural barriers continue to remain in place and prevent him from doing so. *Id.* ¶ 9.

## DISCUSSION

Once the Clerk enters a defendant's default, the defendant is deemed to have admitted the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). "Nevertheless, it remains for the court to consider

whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

A party's default, moreover, "is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Therefore, "[i]f the defaulted complaint suffices to establish liability, the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

**I.   ADA**

    **A.  Liability**

Plaintiff has alleged facts that establish the elements required to state a claim under Title III of the ADA. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim, a plaintiff must allege: "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public

3

accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).

The ADA defines a statutorily protected disability as, among other things, "a physical or mental impairment that substantially limits one or more major life activities of [the purportedly disabled] individual." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to . . . walking." 42 U.S.C. § 12102(2)(A); 29 C.F.R. 1630.2(i)(1)(i) (same). Here, plaintiff alleges that, as a result of multiple medical conditions and procedures, he is "severely limited in his ability to walk or traverse stairs" and "must use a motorized wheelchair to travel more than a short distance." Compl. ¶ 5. Thus, plaintiff is a disabled individual for the purposes of the ADA.

The ADA defines a public accommodation to include "a restaurant, bar, or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B). Liability for a violation under the ADA extends to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Here, plaintiff alleges that Drunken Chicken owns and operates the restaurant, and that Soho Lodging owns the property where the restaurant is located. Compl. ¶¶ 6–8. Accordingly, the restaurant, as well as the commercial property, fall within the scope of the ADA, and both defendants are subject to the ADA's prohibition of discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, [and] facilities" offered to the public. 42 U.S.C. § 12182(a).

With respect to the last element, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).[1] Under the ADA, the term "readily achievable" means "easily

---

[1] The ADA mandates that any alteration to a public accommodation after the passage of the ADA "shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and

4

accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). "A plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." *Harty v. Spring Valley Marketplace LLC*, 2017 WL 108062, at *5 (S.D.N.Y. Jan. 9, 2017) (internal quotation marks and citation omitted); *see also Shariff v. Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *4 (E.D.N.Y. Dec. 20, 2013).

Here, plaintiff alleges that he could not enter the property due to architectural barriers. Compl. ¶ 23. More specifically, the Complaint asserts that, in violation of the 2010 ADAAG standards,[2] the property is not properly ramped to accommodate the changes in level, 2010 ADAAG § 303.4; there is not at least one accessible route for entry from the public streets and sidewalks, *id.* § 206.2.1; and the handicap accessible seating that does exist at the property is inadequate in both quantity and quality, *id.* §§ 206.2.5, 902, *et seq.*[3]; *see* Compl. ¶ 21. Plaintiff further alleges, and in light of defendants' default it is deemed admitted, that defendants have failed to remedy these violations and remove the architectural barriers to wheelchair access even though they could readily do so without undue hardship. Compl. ¶¶ 18, 20, 24. Thus, the allegations in the Complaint establish defendants' liability under the ADA.

---

usable by individuals with disabilities." 28 C.F.R. § 36.402(a)(1). Plaintiff alleges that, since 1992, the restaurant has "begun operations and/or undergone substantial remodeling, repairs[,] and/or alterations." Compl. ¶ 18. It is unclear whether the alterations alleged by plaintiff satisfy the legal standard in 28 C.F.R. § 36.402(a) because plaintiff does not provide details as to the type of alterations made. This, however, does not prevent plaintiff from establishing liability, "as the ADA requires removal of architectural barriers, *regardless of whether alterations have been made*, where such removal is readily achievable." *Shalto v. Bay of Bengal Kabob Corp.*, 2013 WL 867429, at *4 (E.D.N.Y. Feb. 6, 2013) (emphasis added) (internal quotation marks and citation omitted), *report and recommendation adopted as modified*, 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013); *see Shariff v. Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *4 n.3 (E.D.N.Y. Dec. 20, 2013).

[2] The 2010 ADAAG standards can be found at the following URL: https://www.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf (last accessed May 11, 2020).

[3] The Complaint fails to cite to the specific ADAAG provisions involving accessible seating in a dining area. However, I note that sections 206.2.5 and 902, *et seq.* appear to be generally applicable here.

5

### B. Relief

#### i. Injunctive Relief

Plaintiff is entitled to injunctive relief compelling defendants to remedy the architectural barriers to access that exist at the premises.

#### 1. Plaintiff has standing

Standing is an "irreducible constitutional minimum." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Thus, even though defendant[s] ha[ve] not appeared in this action and ha[ve] not challenged plaintiff's standing to sue, the Court evaluates whether plaintiff has standing." *Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *2; *see Ross v. Royal Pizza Cafe Corp.*, 2018 WL 6313208, at *2 (E.D.N.Y. Aug. 1, 2018), *report & recommendation adopted*, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018). Standing has been established in ADA suits seeking injunctive relief for lack of access to a public accommodation where:

> "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location."

*Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). Courts have found that "disabled plaintiffs who had encountered barriers at . . . [restaurants] . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Shariff v. Radamar Meat Corp.*, 2014 WL 1311563, at *2 (E.D.N.Y. Feb. 14, 2014) (internal quotation marks and citation omitted), *report & recommendation adopted as modified*, 2014 WL 1311565 (E.D.N.Y. Mar. 31, 2014).

Here, as noted above, plaintiff alleges that he requires a motorized wheelchair for mobility and could not enter defendants' premises because of the architectural barriers present there. Compl. ¶¶ 21, 23. Moreover, given the nature of the barriers, it is reasonable to infer that, absent a court order requiring remediation, these barriers will remain. Finally, plaintiff alleges that he is "a resident of the State of New York," *id.* ¶ 4, and intends to return to the restaurant in the future "upon [d]efendants' compliance with an Order of this Court requiring that [d]efendants remedy the subject ADA violations," *id.* ¶ 25. These allegations are sufficient to establish plaintiff's standing to seek injunctive relief under Title III of the ADA.

### 2. Injunctive relief is appropriate

As discussed above, plaintiff's allegations, which are assumed to be true in light of defendants' default, establish defendants' liability pursuant to section 12182(b)(2)(A)(iv). The ADA explicitly provides that "[i]n the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2).

Plaintiff seeks injunctive relief in the form of an order requiring defendants to "alter the Subject Property so that [it is] made readily accessible to, and useable by, all individuals with disabilities, including [p]laintiff, as required pursuant to the ADA." Compl. ¶ 44. Plaintiff further seeks an injunction "closing the facilities until the requisite modifications are complete." *Id.* Although the Complaint appears to suggest that the restaurant should be ordered shut until the necessary modifications are made, plaintiff has failed to provide any indication of how long it would take to make the modifications or why the modifications could not be made while the restaurant was open for business. *See Cankat v. Noisette Café Inc.*, 2016 WL 7633323, at *4

(E.D.N.Y. Sept. 27, 2016), *report and recommendation adopted in part & rejected in part*, 2017 WL 27947 (E.D.N.Y. Jan. 3, 2017); *Taylor v. 312 Grand Street LLC*, 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016).  Nor is it readily apparent how closing the restaurant will provide plaintiff, or anyone else for that matter, greater access to the restaurant while the repairs are made.  *See Cankat*, 2016 WL 7633323, at *4.

Instead, having considered the nature of the violations claimed by plaintiff, the nature of the relief required to afford redress, and the common practice in this district for awarding injunctive relief in ADA cases, I recommend that defendants be required to prepare architectural plans remedying the violations of the ADAAG identified above and to provide plaintiff's counsel with those plans for review within 60 days of any order adopting this Report and Recommendation, or as soon thereafter as is reasonable under the current public health circumstances.  *See, e.g.*, *Taylor*, 2016 WL 1122027, at *4; *Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *5; *Shariff v. Alsaydi*, 2013 WL 4432218, at *4 (E.D.N.Y. Aug. 15, 2013).  I further recommend that the injunction provide plaintiff with 30 days either to accept defendants' proposed plans as adequate or file a motion seeking relief on the basis that the plans fail to remedy the ADAAG violations specified in the Complaint.  Finally, I recommend that the injunction require defendants to implement the architectural plans and remedy the violations within 60 days of either plaintiff's agreement or a ruling by the Court that the plans are adequate.

### ii. Attorney's Fees and Costs

A plaintiff prevailing in ADA litigation may be awarded reasonable attorney's fees and costs.  42 U.S.C. § 12205.  However, plaintiff's counsel has failed to provide any documentation of his fees or costs.  I therefore respectfully recommend that plaintiff's request for an award of attorney's fees and costs be denied without prejudice, and that plaintiff's counsel be permitted to

8

submit an appropriate supplemental sworn statement and billing records within 14 days from the date of any Order entered by Judge Garaufis with respect to this Report. *See Radamar Meat Corp.*, 2014 WL 1311565, at *2.

## II.     NYSHRL & NYCHRL

### A.  Liability

The Complaint alleges sufficient facts to establish liability under the NYSHRL, N.Y. Exec. Law § 296, and the NYCHRL, N.Y.C. Admin. Code § 8-107. "A claim for disability discrimination under [the] NYSHRL . . . is governed by the same legal standards as the ADA." *Ross*, 2018 WL 6313208, at *4. Here, "[p]laintiff's state and municipal law claims are based upon the same architectural barriers that underlie [his] ADA claim." *Id.* Moreover, although different standards govern NYCHRL claims, a "one-way ratchet" exists, where the ADA constitutes a "*floor* below which the [NYCHRL] cannot fall." *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (internal quotation marks and citation omitted). Therefore, because plaintiff has met the standard for establishing liability under the ADA, he has also demonstrated that defendants are liable for violating the NYSHRL and the NYCHRL.

### B.  Relief

#### i.  Compensatory Damages Under the NYSHRL and NYCHRL

Plaintiff requests an award of compensatory damages under the NYSHRL and the NYCHRL. Compl. ¶ 42. Plaintiff does not seek a specific amount of damages or provide a description of the damages he sustained; instead, plaintiff alleges only that, as a result of the disability discrimination he endured by virtue of the architectural barriers on the premises, he has "suffered an injury in fact." *Id.* ¶ 9.

The "New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a

9

decent and reasonable individual would suffer when faced with such ignorant behavior." *Shalto v. Bay of Bengal Kabob Corp.*, 2013 WL 867429, at *10 (E.D.N.Y. Feb. 6, 2013) (internal quotation marks and citation omitted), *report and recommendation adopted as modified*, 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013).  Courts in this Circuit have likewise found an award of $1,000 to be appropriate in similar cases.  *See, e.g.*, *Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *6–*7 (awarding $1,000 where plaintiff did not establish any particular damages other than that he felt discriminated against); *Kreisler*, 2012 WL 3961304, at *15 (same).  I therefore respectfully recommend that plaintiff be awarded $1,000 in compensatory damages under the NYSHRL and the NYCHRL.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant in part and deny in part plaintiff's motion for default judgment, as follows: (1) I recommend that defendants be found liable under the ADA, the NYSHRL, and the NYCHRL; (2) I recommend that an injunction issue with the terms described in the text above; (3) I recommend that plaintiff be awarded $1,000 in compensatory damages under the NYSHRL and the NYCHRL; and (4) I recommend that plaintiff's request for an award of attorney's fees and costs under the ADA be denied without prejudice, and that plaintiff's counsel be permitted to submit an appropriate supplemental sworn statement and billing records within 14 days from the date of any Order entered by Judge Garaufis with respect to this Report.

Any objections to the recommendations made in this Report must be submitted within fourteen days after filing of the Report and, in any event, no later than May 26, 2020.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs.*, 892

F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).  Plaintiff is hereby directed to serve copies of this Report and Recommendation upon defendants at their last known addresses, and to file proof of service with the Court.

                                                          /s/
                                    Steven M. Gold
                                    United States Magistrate Judge

Brooklyn, New York
May 12, 2020

U:\#JAV 2019-2020\O'Rourke v. Drunken Chicken 19-CV-3942\Final R&R.docx