UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CHRISTOPHER O'ROURKE,

                Plaintiff,                      **REPORT AND RECOMMENDATION**
                                                                19 CV 3942 (NGG)(LB)

  -against-

DRUNKEN CHICKEN IN NY CORP. and
SOHO NEW YORK LODGING, LLC,

                Defendants.
---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff brings this action seeking relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL"). Despite proper service of the summons and complaint, ECF Nos. 6-7, when defendants failed to answer or otherwise respond, plaintiff moved for default judgment, ECF No. 11. On July 17, 2020, plaintiff's motion for a default judgment was granted in part and denied in part and plaintiff's counsel was permitted to renew his request for attorney's fees and costs. ECF No. 15. Presently before the Court are motions to substitute a new party for the now deceased plaintiff and for an award of attorney's fees and costs. ECF Nos. 17-18. The Honorable Nicholas Garaufis referred these matters to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that the motions should be denied without prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

       Plaintiff Christopher O'Rourke suffered from several infirmities, including "spinal stenosis, bilateral hip replacement, total knee replacement, spinal fusion, neuropathy affecting both legs with resultant muscular atrophy, as well as [a] steel rod in his right tibia and fibula."

1

Compl. ¶¶ 4-5, ECF No. 1. These disabilities hindered his ability to walk and climb stairs and required the use of a motorized wheelchair. Id. ¶ 5. Plaintiff previously visited defendant Drunken Chicken in NY Corp.'s restaurant at 25-30 Broadway, Astoria, New York, but a step at the restaurant's entrance made it inaccessible to him. Id. ¶¶ 9, 21.

On July 9, 2019, plaintiff commenced this action seeking damages, injunctive relief, and attorney's fees and costs pursuant to the ADA, the NYCHRL, and the NYSHRL. Compl. ¶¶ 42-46. The defendants were served with summonses and the complaint, ECF Nos. 6-7, but failed to respond. The Clerk then noted entry of the defendants' default, ECF No. 10, and plaintiff moved for a default judgment, ECF No. 11. Magistrate Judge Gold issued a Report and Recommendation on May 12, 2020 which recommended that: (1) the defendants be found liable under the ADA, the NYCHRL, and the NYSHRL; (2) the Court issue an injunction remedying the violations; (3) plaintiff receive a monetary award under the NYCHRL and NYSHRL; and (4) that plaintiff's request for attorney's fees and costs be denied without prejudice to allow plaintiff's counsel to submit appropriate records in support of the request. ECF No. 14. On July 16, 2020, the Report and Recommendation was adopted, and judgment was entered in plaintiff's favor. ECF Nos. 15-16.

After the entry of judgment, plaintiff's counsel made several applications. On July 23, 2020, counsel filed a letter motion stating that he learned six days previously, on July 17, 2020, that plaintiff passed away on June 14, 2020. ECF No. 17. Counsel also requested that plaintiff's spouse be substituted as plaintiff. Id. A copy of plaintiff's death certificate was appended to the letter. Six days later, on July 23, 2020, plaintiff's counsel filed a motion seeking attorney's fees and costs accompanied by an affirmation and billing records. ECF No. 18. Counsel later filed another letter stating that the New York Surrogate's Court issued letters of administration for

plaintiff's estate to his spouse, Noreen O'Connell, and that "Plaintiff requests that The Estate of Christopher O'Rourke be substituted as plaintiff in this case." ECF No. 19. Plaintiff's requests were referred to me for a Report and Recommendation.

## DISCUSSION

### I. Substitution of Plaintiff's Estate[1]

When a party to a civil action passes away, substitution of parties is governed by Federal Rule of Civil Procedure 25(a). The Rule states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1). The motion to substitute and a statement noting death must be served on the other parties in the case according to Federal Rule of Civil Procedure 5.[2] FED R. CIV. P. 25(a)(3); see also Natale v. Country Ford Ltd., 287 F.R.D. 135, 136 (E.D.N.Y. 2012) (citing Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469-70 (2d Cir. 1998) ("[A] motion to substitute a party cannot be made until after the formal written statement of fact of death has been filed with the Court and served on the involved parties."). The service of the statement noting death on the record triggers the 90-day window during which a motion must be made for substitution. See Off. Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman, No. 13-CV-

---

[1] The Court extends its sincere condolences to plaintiff's family.
[2] There had been some disagreement about whether a decedent's attorney may file a statement noting death. Compare Jones Inlet Marina, Inc. v. Inglima, 204 F.R.D. 238, 239 (E.D.N.Y. 2001) (citing United States v. Private Sanitation Indus. Assoc., 159 F.R.D. 389, 390 (E.D.N.Y. 1994)) (finding it permissible for the former attorney to file the suggestion of death "even though the attorney-client relationship [has] ceased") with Smith v. Planas, 151 F.R.D. 547, 549-550 (S.D.N.Y. 1993) ("[T]he attorney for the decedent has no authority to suggest the death of his or her client upon the record."). However, in Unicorn Tales, Inc. v. Banerjee, the Second Circuit stated that the language "of Rule 25(a)(1) contains no…restriction on who may file the statement." 138 F.3d 467, 469 (2d Cir. 1998).

3

5475(JS)(AKT), 2017 WL 9485707, at *2 (E.D.N.Y. Aug. 3, 2017) (quoting Perlow v. Comm'r Soc. Sec., No. 10-CV-1661, 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010)) Report and Recommendation adopted by 2017 WL 3981299 (E.D.N.Y. Sept. 11, 2017). A proper party for substitution is "either (1) a successor of the deceased party… (2) or a representative of the deceased party – a person lawfully designated by state authority to represent the deceased's estate." Roe v. City of New York, No. 00-Civ-9062(RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (internal quotation marks omitted) (quoting Billups v. West, No. 95-Civ-1146(KMW)(HB), 1998 WL 341939, at *1 (S.D.N.Y. June 26, 1998)). Lawyers are not considered parties to the action and their authority to represent a party ends at the party's death. Id. (quoting Smith v. Planas, 151 F.R.D. 547, 549-50 (S.D.N.Y. 1993)). For that reason, "a deceased's attorney is not authorized to file a motion for substitution under Rule 25 unless that attorney has been hired by the administrator of the deceased's estate." Steward v. City of New York, No. 04-CV-1508(CBA)(RML), 2007 WL 2693667, at *5 n.3 (E.D.N.Y. Sept. 10, 2007) (citing Kernisant v. City of New York, 225 F.R.D. 422, 427, 429 (E.D.N.Y. 2005)).

A formal suggestion of death, for the purposes of Rule 25(a), is more than a simple statement that a party has died. Haltman, 2017 WL 9485707, at *5 (quoting Int'l Cablevision, Inc. v. Sykes, 172 F.R.D. 63, 66 (W.D.N.Y. 1997)). The formal suggestion requires service on opposing and interested parties and triggers the start of the 90-day period in which to seek substitution. Id. (quoting Int'l Cablevision, Inc., 172 F.R.D. at 66). Knowledge of the death or a mention of it in a filing is insufficient. Id. (quoting Int'l Cablevision, Inc., 172 F.R.D. at 66).

The Court construes the two letters filed by plaintiff's counsel, ECF Nos. 17, 19, as motions to substitute a party under Rule 25(a). However, both motions should be denied because counsel is not "a party" nor is counsel the deceased plaintiff's "successor or representative."

4

Rule 25(a)(1) is clear that only a party or the deceased's successor or representative is a proper party to request substitution. See Steward, 2007 WL 2693667, at *5 n.3; Roe, 2003 WL 22715832, at *2. Counsel's most recent letter advises that Letters of Administration for plaintiff's estate were issued to plaintiff's surviving spouse and states "[p]laintiff requests that the Estate of Christopher O'Rourke be substituted, as plaintiff in this case." ECF No. 19. However, a deceased party's estate is not a proper party for substitution because the proposed substitute "must be a legal representative of the deceased." Natale, 287 F.R.D. at 137 (internal quotation marks omitted) (quoting J.K. v. Springville-Griffith Inst. C. Scho. Dist. Bd. Of Educ., No. 02-Civ-765, 2005 WL 711886, at *5 (W.D.N.Y. Mar. 28, 2005)). Further, the record does not reflect that either a statement noting plaintiff's death or counsel's Rule 25 motions were served on defendants as required. See Haltman, 2017 WL 9485707, at *2 (quoting Perlow, 2010 WL 4699871, at *1).

    Upon review of counsel's submissions, it appears that plaintiff's spouse - the administrator of his estate - would be a "proper party" under Rule 25 as plaintiff's legal representative. Therefore, after a formal suggestion of death is made and served on defendants, plaintiff's spouse must move for substitution or must retain counsel to file the request on her behalf. A request from the deceased plaintiff's counsel cannot be granted because counsel "is not a party to the action and, perforce of the decedent's death, ceases to represent him." See Morales v CT Holdings, Inc., No. 01-Civ-1303(KMW)(KNF), 2001 WL 1204011, at *1 (S.D.N.Y. Oct. 10, 2001) (citing Smith v. Planas, 151 F.R.D. at 549-50). Upon proper substitution, this litigation may continue and conclude.[3] See Haltman, 2017 WL 9485707, at *2 (discussing how Rule

---

[3] A Court considering substitution under Rule 25(a) must also determine whether a claim survives or was extinguished by the party's death. See English v. Murphy-Lattanzi, No. 12-CV-4179(JS)(SIL), 2015 WL 630248, at *2 (E.D.N.Y. Feb. 12, 2015) (citing Baldalamenti v. Country Imp. Car Corp.. No. 10-CV-4993, 2012 WL 6061639, at *9 (E.D.N.Y. Dec. 5, 2012)). A claim survives a party's death when it is remedial, and not penal, in nature. See

25(a)(1) permits a representative to take a decedent's place and carry on litigation). Until a formal suggestion of death and a proper motion for substitution are made, the Court should deny counsel's motion without prejudice.

**II. Attorney's Fees and Costs**

Counsel also filed an application for attorney's fees and costs in this matter 45 days after his client passed away and six days after first informing the Court of plaintiff's death. See ECF Nos. 17-18. Courts in this Circuit have held that attorneys may apply for an enlargement of time to file a substitution motion after their client's death. See Kernisant, 225 F.R.D at 430. However, this Court is unaware of, and counsel has not supplied, any authority permitting an attorney to file a substantive motion once his representation of a client has ceased.[4] The Court should deny the request for attorney's fees and costs without prejudice. The motion may be refiled upon the substitution of a proper party.[5]

## CONCLUSION

Accordingly, it is respectfully recommended that the motions for substitution under Federal Rule of Civil Procedure 25(a) and for attorney's fees and costs should be denied without prejudice.

---

Estwick v. U.S. Air Shuttle, 950 F. Supp. 493, 498 (1996). Claims under the ADA are remedial in nature and have been found to survive a party's death. Id.; see also Wheeler v. City of Santa Clara, 894 F.3d 1046, 1057 (9th Cir. 2018) (citing Guenther v. Griffin Const. Co., Inc., 846 F.3d 979, 986 (8th Cir. 2017)) (finding that ADA claims are not abated by a party's death).

[4] The Second Circuit recently referred two attorneys to the disciplinary committee for what it deemed "a lack of candor" when the attorneys failed to notify the Court for over 11 months of their client's death. See Marentette v. City of Canandaigua, New York, 799 Fed. Appx. 48, 50 (2d Cir. 2020) (summary order). In Marentette, after plaintiff died, his counsel filed a notice of appeal and failed to seek substitution even after defendants' counsel noticed plaintiff's death. Id.

[5] The motion for attorney's fees heavily relies on authority from outside of the Eastern District of New York and the Second Circuit. Counsel is advised that any refiled motion should provide the Court with Second Circuit and other controlling authority.

6

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: February 26, 2021
       Brooklyn, New York