```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
CHRISTOPHER O'ROURKE,

                Plaintiff,

      -against-

DRUNKEN CHICKEN IN NY CORP. AND SOHO NEW YORK LODGING, LLC,

                Defendants.

**MEMORANDUM & ORDER**

**19-CV-3942 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Christopher O'Rourke brought this action against Defendants Drunken Chicken in NY Corp. and Soho New York Lodging, LLC, alleging violations of the Americans with Disabilities Act as well as New York state and city human rights laws. (Compl. (Dkt. 1).) Pending before the court are Plaintiff's motions to substitute a party for the now deceased plaintiff and for an award of attorneys' fees and costs, which the court referred to Magistrate Judge Lois Bloom for a report and recommendation ("R&R"). (*See* Mot. to Substitute a Party (Dkt. 17); Mot. for Attys.' Fees (Dkt. 18); Not. Re Mots. (Dkt. 19); Feb. 5, 2021 Orders Referring Mots.) Judge Bloom issued an R&R (the "2021 R&R") on February 26, 2021, recommending that the court deny the pending motions without prejudice to renew. (2021 R&R (Dkt. 20) at 1.)

For the reasons explained below, the 2021 R&R is ADOPTED in full.

## I. BACKGROUND

Plaintiff Christopher O'Rourke brought this action pursuant to the Americans with Disabilities Act (ADA), the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law (NYCHRL). (Compl. ¶¶ 42-46.) As alleged in the

Complaint, Plaintiff had a "qualified disability" under the ADA, which required him to use a wheelchair and severely limited his ability to walk and climb stairs. (*Id.* ¶¶ 5, 9, 21.) Plaintiff alleged that he attempted to visit Defendant Drunken Chicken in NY Corp.'s restaurant, but that a step at the entrance made it inaccessible to him. (*Id.* ¶¶ 9, 21.) In this lawsuit, he sought compensatory damages, injunctive relief, and attorneys' fees and costs. (*Id.* ¶¶ 40-46.)

Plaintiff served Defendants with summonses and the Complaint, and, after Defendants failed to respond, he obtained a certificate of default against them from the Clerk of Court. (Summonses (Dkt. 6, Dkt. 7); Req. for Cert. of Default (Dkt. 8); Clerk's Entry of Default (Dkt. 10).) Plaintiff then filed a motion for default judgment, which this court respectfully referred to Magistrate Judge Steven Gold for an R&R. (Mot. for Default J. (Dkt. 11); Oct. 8, 2019 Order Referring Mot.) On May 12, 2020, Magistrate Judge Gold issued an R&R (the "2020 R&R"), recommending that this court (1) find defendants liable for violating the ADA, NYSHRL, and NYCHRL; (2) issue an injunction requiring Defendants to remedy their violations; (3) order a monetary award under the NYSHRL and NYCHRL; and (4) deny Plaintiff's motion for attorneys' fees and costs without prejudice. (2020 R&R (Dkt. 14) at 10.) This court adopted the 2020 R&R in full, and judgment was entered for the Plaintiff. (Order (Dkt. 15); Judgment (Dkt. 16).)

Plaintiff passed away on July 17, 2020, and Plaintiff's counsel subsequently filed the pending motions to substitute a party and for attorneys' fees and costs. (Mot. to Substitute a Party; Mot. for Attys.' Fees.) On January 8, 2021, the case was reassigned from Judge Gold to Judge Bloom. (Jan. 8, 2021 Order Reassigning Case.) Judge Bloom issued the 2021 R&R on February 26, 2021, recommending that this court deny the pending motions without

2

prejudice. (2021 R&R.) Neither party has objected to any portion of the 2021 R&R.

## II. LEGAL STANDARD

In reviewing a report & recommendation, the district court "may adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Romero v. Bestcare Inc.*, No. 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017);[1] *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). To obtain *de novo* review, an objecting party "must point out the specific portions of the [R&R]" to which it objects. *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016). Pursuant to Federal Rule of Civil Procedure 72(b)(2), such objections must be served and filed "[w]ithin 14 days after being served with a copy of the recommended disposition." *See also* 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

No party has objected to Judge Bloom's 2021 R&R, and the time to do so has passed. *See* Fed. R. of Civ. P. 72(b)(2). Therefore,

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

3

the court reviews the 2021 R&R for clear error. *See Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Having found none, the court ADOPTS the 2021 R&R in full.

### IV. CONCLUSION

For the reasons stated above, the 2021 R&R is ADOPTED in full. Accordingly, Plaintiff's (Dkts. 17, 19) Motion to Substitute a Party and Plaintiff's (Dkt. 18) Motion for Attorneys' Fees and costs are DENIED without prejudice.

SO ORDERED.

Dated:   Brooklyn, New York
         March 16, 2021

                                                                        /s/ Nicholas G. Garaufis
                                                                    NICHOLAS G. GARAUFIS
                                                                    United States District Judge